UNITED STATES DISTRICT COURT, EASTERN
DIVISION, WILL COUNTY          JH

Dennis Taylor #R68729
Plaintiff,
v
IDOC,
Randy Pfister, Warden
Karen Rabideau, Placement Officer
Sgt. Deathrow, F House Asst. Admin No, et, al
Defendants

1:17-cv-0441
Judge Thomas M. Durkin
Magistrate Judge Sheila M. Finnegan
PC5

RECEIVED
1-19-17
JAN 19 2017 AS

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## I. JURISDICTION & VENUE

1. This is a civil action authorized by
42 U.S.C Section 1983 to redress the
deprivation, under Color of State law,
of right secured by the Constitution
of the United States. The Court has
jurisdiction under 28 U.S.C Section
1313 and 1343(a)(3). Plaintiff seeks
declaratory relief pursuant to
28 U.S.C. Section 2201 and 2202.
Plaintiff claims for injunction
relief are authorized by 28 U.S.C
Section 2283 and 2284 Rule 65
of the Federal Rule of Civil Pro-
cedure.

2. The Will County District Court
of Illinois is an appropriate Venue
under 28 U.S.C. Section 1391 (b)(2).

1

. because it is where the events giving rise to this claim occured.

## II  PLAINTIFF(S).

3.    Plaintiff, Dennis Taylor was at times mentioned herein a prisoner of the State of Illinois in the custody of the Illinois Department of Corrections. He is currently confined in Menard Correctional Center in Menard, Illinois, P.O. Box 1000, 62259.

## III  DEFENDANT(S)

4.  Defendant Randy Pfister is Warden of Stateville Correctional Center. He is legally responsible for the overall operation of the institution, and for the welfare of all the inmates in Stateville Correctional Center in Joliet, Illinois.

2

5. Defendant Sgt. Mack Deathrow is a Correctional Officer (Sgt) of Stateville CC, and at time mentioned in this Complaint held the rank as assistant administrator in F-house.

6. Defendant Karen Rabideau is a Correctional Officer of the Illinois Department of Corrections who at all times mentioned, held the rank of Placement Officer, and was as-signed to placement Office at time mentioned in this Complaint at Stateville CC. At all times, each de-fendant acted under Color of State law, and IDOC jurisdiction.

## III   FACTS

7. On approx. 1/5/16 plaintiff, Dennis Taylor was transferred from Stateville CC general population to Segration, F-house, Single Cell # 154,

3

pending a disciplinary hearing.

8.    On approx. 11/12/15 inmate Peoples #K51695 was moved from another Seg. Cell into Cell #154 with plaintiff. He boast to plaintiff that he held a high position with the Gangster Dis- ciples (GD's) and was in Seg. for threatening to beat several inmates to death with his fan motor. He showed plaintiff the disconnected fan motor he brought with him to Seg. and warn plaintiff that he would not have a problem using it on him (plaintiff) if he had to. Upon information and belief, Peoples has a history of abusive behavior toward his older cell mates, in which plaintiff is 15 years his senior. Said infor- mation will be verified upon discovery.

4

9. On approx. 11/13/15 Plaintiff wrote placement, and F-house Sgt. Deathrow requesting to be moved out of the cell with Peoples, because of his repeated threats toward plaintiff. (See Exhibit A).

10. On 11/17/15, at approx. 9:30AM, while plaintiff was being taken to his disciplinary hearing, he ran into Sgt. Deathrow, and asked him did he received the letter plaintiff sent him — he said he did. Plaintiff explained to him again that he needed to be moved out of the cell with Peoples, because of his repeated threats toward him. Sgt. Deathrow asked Plaintiff " Do you know how to fight? " I told him that I did not want to fight Peoples — I just wanted to move into another cell. He told me that he wasn't going to move me, so I need to " Man up " go back to my cell, and deal with it.

5

11. ON 11/18/15, I sent an emergency grievance to the Warden requesting to be moved out of Cell #154 with Peoples, because of the repeated threats on his life from Peoples. See hand written copy of grievance, Exhibit A.

12. ON 11/27/15 inmate Peoples put his fan motor in a pillow case, and struck Plaintiff on the head several times. Plaintiff told Peoples that he was going to report what happened to Stateville Officials. He told me that if I told the police what happened he would have his mob hit me. See Exhibit L. I feared him, because I witnessed the power he had within his mob, and the vio-lent form of revenge they carried out on individuals. So, when Peoples told Officer Subici that I fell and hit my head on the toilet, I went along with the story he made up. 6

out of fear for my life. See Ex-
hibit L. I was rushed to an out
side hospital, Saint Joseph Hospi-
tal, Joliet, Illinois, and received
38 staples in my head. I was ad-
mitted in Stateville's hospital from
11/28/15 thun 1/5/16 (five weeks) for
threatment to my head and observation.
I'm currently experiencing head-
aches and burred vision behind
the assault. See medical records
see Exhibit M - ... upon request.

13.    On approx. 12/14/15, Plaintiff
wrote Mrs. Rabideau of Placement,
and informed her that I was assaul-
ted by Peoples, and did Not come
forward sooner, because Peoples had
threaten my life. I asked her
to pass said information to
Officials (I.A.).

14.    On approx. 12/24/15 and 1/11/16,
I was interviewed by -

(7)

I.A. Officers: Vengara (and unknown I.A. Officer) on 12/24/15, and Supervisor Sullivan and I.A. Officer Sipia on 1/11/16. I informed I.A in both interviews that I was assaulted by Peoples and the reason I waited to come forward was because Peoples threaten to have his mob hit me if I switched on him. See Exhibit __L__. I.A. told me in both interviews that the evidence they gathered matched my details of the assault. I.A. told plaintiff that they had reasons to believe the fan molor that was confiscated from Peoples was the alleged weapon used in the assault. The alleged evidence can be obtained through discovery.

15.  On 1/12/16, upon information and belief, Peoples was interviewed by I.A. Sullivan and Sipia, and was given an alternative to —

8

agree to fighting with plaintiff or he will be charged with an assault. The alleged individuals who provided said information would not give an affidavit for fear of retaliation from ~~Stateville~~ officials.

16. On approx. 1/18/16 plaintiff was issued a disciplinary report for fighting Peoples. See Exhibit L.

17. On 1/28/16 the said ticket was expunged by Lt. Charles Best of the Adjustment Committee upon review of evidence and pictures of the alleged weapon (fan mold) Peoples allegedly used in the assault. Plaintiff explained to committee why he waited to come forward with the information for Peoples had threatened to have his inds hit him.

18. On approx. 2/24/16 and 5/12/16 Stateville officials denied plaintiff's

permanent protective custody requests.

19. On approx. 4/20/16 and 6/15/16, Plaintiff appealed the denials to IDOC Administrative Review Board (ARB) and was denied permanent protection as well. In Spite of the fact that my need for P.C. originated from me being assaulted by Peoples and reporting re to Stateville Officials. IDOC Officials were given the name of the G.D. Mob and specific individuals behind these threats. See Exhibit E.

20. On approx. 2/5/16, 5/21/16, and 6/30/16, Plaintiff was forced to sign into P.C. after coming in direct contact with Peoples and multiple members of his mob.

The G.D. mob threaten to kill me
if plaintiff did not sign back
into P.C. See Exhibit E + L.

21. On approx. 9/1/16 plaintiff
signed back in P.C due to repeated
threats he received from the
G.D. mob. Plaintiff informed unit
staff, counseler, and IoA, and
turned the threatening letters
over to Stateville officials.
Plaintiff was denied permanent
P.C by Stateville and ARB. He
was told by ARB that, "the Your
rationale for needing P.C. is
centered around an altercation
you had Nov. 17, 15 with offen-
der Peoples." This information
is contrary to facts and the
expunged disciplinary report
plaintiff received. See Exhibit L.
Plaintiff is on temporary P.C
pending the filing of this
petition.

11

22. On November 11, 2016, while in protective custody at Stateville Correctional Center, plaintiff was transferred to Menard Correctional Center. He was taken out of P.C and placed in general population.

## IV EXHAUSTION OF LEGAL REMEDIES

Plaintiff, Dennis Taylor exhausted the prisoner's grievance procedures available at Stateville Correctional Center, and the Administrative Review Board. Whereas:

23. On 11/18/15, plaintiff sent an emergency grievance to the Warden requesting to be moved out of Cell # 154, because inmate Peoples had threatened his life.

Plaintiff did Not receive a re-sponse to said grievance, and was assaulted by inmate Peoples before he could appeal to the ARB. See copy of Said grievance (hand written). Exhibit A. (Plaintiff meet the exhaustion requirement of 28 U.S.C § 2675(a) because the administration did not respond to the grievance within six months).

24.  On 2/18/16, plaintiff filed a grievance Concerning an expunged disciplinary report he received for allegedly fighting inmate Peoples to Stateville CC and the Administrative Review Board (ARB). Plaintiff Noted in the grievance that he never should have received a ticket, because he was assaulted by inmate Peoples, and had to be rushed to the outside hospital, and received 38 staples in the head.

13

Stateville response was that; "Offender Peoples has been added to your KSF list, and "you are currently group 4 PoC." See Exhibit B. ARB stated that.; "No justification provide for additional Consideration," and "Offender is Currently IN PoC" See Exhibit B.

25.   ON 4/27/16, Plaintiff filed a grievance With Stateville CC that informed it that the G/A's whom had threaten him was still threatening him, and had not been placed on plaintiff keep Separate list. I asked to be kept IN P.C. until the Situation is resolved. I was told that; "Once PoC decision reach the ARB —

14

it is out of the installation's jurisdiction." See Exhibit __C__.

26.    ON 5/1/16, Plaintiff filed an emergency grievance with Stateville CC, and ARB after he was released from P.C, and came in direct contact with inmate peoples and members of his mob. Stateville response was; "No; all offenders Should Submit this grievance in the Normal Manner." See Exhibit __D__. ARB Stated: "Offender needs to Contact his Counselor and FA regarding protective Custody Issues" See Exhibit __E__.

27.    ON 6/15/16, ARB, Without giving plaintiff a formal hearing—

denied plaintiff permanent
P.C, and stated: "I find no
New information which would war-
rent a reconsideration of the
past ARB hearings." See Ex-
hibit F.


28. On 7/12/16, after not re-
ceiving a response from plaintiff
grievance that he had given
to Counselor on concerning an
emergency grievance that was
sent to the warden concerning
said matters, plaintiff sent
another grievance. The re-
sponse was stated: "Per grie-
vance Officer, that grievance
was returned to the Counselor
on 2/28/16 to offender, the
issue it was never —

16

returned to their Office. "
See Exhibit __G__.

29.    Plaintiff, within the
same month, forward a grievance
to the ARB, and its response
was that: "Grievance dated
1/18/15 and 2/18/16 are 60 days
past time frame without fau-
lity responce." See Exhibit __G__.
Notwithstanding, plaintiff was
admitted in hospital from 11/29/
15 thru 1/15/16 and was not
able to send the second grie-
vance until 2/28/16 to inquire
why his 11/18/15 grievance
had not be answered. See
Exhibit __G__.

30.    On 8/8/16, Plaintiff
sent an emergency grievance
to the Warden __

requesting permanent P.C. after
he was threaten by multiple
G.D's for Snitching on inmate
Peoples #K51695 for assaulting
him on 11/27/15. The Warden's
response was that: "No; em-
ergency is Not Substantiated."
See Exhibit H.

31.     On 8/15/16, Plaintiff
sent a grievance to the coun-
Seler Concerning Said matter,
and was told: " Per Intel,
Your request has been received,
and will be processed in the
order of receipt." See Exhibit I.

32.     On 8/15/16 and 11/1/16 ARB
denied plaintiff permanent protec-
tion Custody from Offender Peoples
and his mob(G.D's) after plaintiff
informed Statedville Officials that
Peoples assaulted him on 11/27/15.

18

33. On 11/27/16, ARB denied plaintiff PLC again, and Stated: "During each of these reviews, your rationale for needing PLC is center around an altercation you had Nov. 27, 2015 with offender Peoples." See Exhibit G. J & K. This information is contrary to facts, and the expunged disciplinary report plaintiff received on 1/28/16. See Exhibit L.


## V. LEGAL CLAIMS

Plaintiff reallege and incorporate by reference paragraphs 1 - 33 that:

34. The assault, unsafe conditions, and deliberate indifference violated plaintiff, Dennis Taylor's rights —

19

and Constitued cruel and
unusual punishment, a due pro-
cess Violation under the Eight
and Fourteenth Amendment to
the United States Constitution.

35.   The plaintiff has No plain
adequate or Complete remedy
at law to redress the wrong
described herein. Plaintiff has
been and will Continue to be ir-
reparably injured by the Conduct
of the defendants unless this
Court grants the declaratory
and injunctive relief which plain-
tiff Seeks.

## VI. PRAYER FOR RELIEF

Wherefore, plaintiff respectfully
prays that this Court enter

Judgment granting plaintiff:

36. A declaration that the acts and omissions described herein Violated plaintiff's rights under the Constitution and law of the United States.

37. A preliminary and permanent injunction ordering defendants Stateville Official Warden Pfister (Current Warden of Menard CC) "et, all" to: grant permanent protection custody from the Gd mds whom consistently threaten to harm plaintiff for snitching on one of its members, Peoples after he assaulted him on 11/27/15 at Stateville Correctional Center

Plaintiff was transferred to Menard CC on 11/14/16. Offender Peoples was also transferred to Menard CC on 11/24/16. Plaintiff ran into Peoples on 11/25/16 For we were housed on the Same gallery (W-1 gallery) Peoples made threatening comments toward plaintiff, and stated that he will have his mob (Gd's) "Fuck you up."

38. Compensatory damages in the amount of $20,000 dollars against each defendant, jointly and severally.

39. Punitive damage in the amount of $70,000 dollars against each defendant.

22

40. A jury trial on all issues triable by jury.

41. Plaintiff's cost in this suit.

42. Any additional relief this Court deems just, proper, and equitable.

43. Permit plaintiff to have video/telephone court appearance, and not be writ to court unless for mandatory appearances.

## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and as to those, I believe them to be true. I certainly under penalty of perjury that the foregoing is true and correct.

Subscribed and sworn to before me on the

10th day of January 20 17

_____
Notary Public

OFFICIAL SEAL
SHANE W. GREGSON
Notary Public - State of Illinois
My Commission Expires 2/25/2019

_____
Plaintiff

# R 68729
I.D. Number

P.O. Box 1000, Menard Il 62259
Address

Date: January 9, 2017

23.