RECEIVED
MAR 03 2017
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
# EASTERN DIVISION, WILL COUNTY

Dennis Taylor #R68729,
Plaintiff, -v-

I.A.O.C.,
Randy Pfister, Warden-Stateville CC,
Jackie Lashbrook, Warden-Menard CC,
Michael Atchison, Assist. Deputy Dir., "et, all,"
Defendants,

COMPLAINT

Civil Action
No. 1:17-CV-0441

Judge Presiding
Judge Thomas M. Durkin

## I. AMENDED COMPLAINTS - CLASS ACTION

1. This is a civil action authorized by 42 U.S.C Section 1983 to redress the deprivation, under color of state law, of right secured by the Constitution of the United States. The court has juridiction under 28 U.S.C. Section 1313 and 1314(a)(3). Plaintiff seeks declaration relief pursuant to 28 U.S.C, Section 2201 and 2202. Plaintiff claims for injunction relief are authorized by 28 U.S.C. Section 2283 and 2284 Rule 65, and Rule 23 (Class Action) Title 28 of the Federal Rule of Civil Procedural.

2. The Will County District Court of Illinois is an appropriate venue under 28 U.S.C Section 139(b)(2), because it is where the events given rise to this claim occurred.

## II PLAINTIFF

3. Plaintiff, Dennis Taylor was at time

1.

mentioned herein a prisoner of the State of Illinois in the custody of the Illinois Department of Corrections. He is currently confined to Menard Correctional Center in Menard Illinois.

## III DEFENDANT(S)

4. Defendant Randy Pfister is Warden of Stateville CC. He is legally responsible for the overall operation of the institution, and for the welfare of all the inmates in Stateville CC. He was Warden of Stateville CC at the time said incident occured in Stateville CC, Joliet Illinois.

5. Defendant Jackie Lashbrook is currently Warden of Menard CC. She is legally responsible for the overall operation of the welfare of all the inmates in Menard CC, in Menard Illinois.

6. Defendant Michael Atchison is Assistant Deputy Director of Operations for Illinois Department of Corrections. Upon information and belief, he was the Warden of Menard CC, and originally implemented the Weapon Violators/Staff Assaulters program in question, and therefore, is legally responsible for the treatment of all inmates in said policy that is not rationally related to a legitimate

2.

governmental purpose. The above defendants actions were taken under color of state law.

## III FACTS

7. On Feb. 5, 2016, plaintiff was released from Stateville's segregation, and taken to the clothing room to pick up his regular institutional clothing. He was told by the clothing room Sgt. that he has been classified as a Weapon Violator/Staff Assaulter, and must wear Strips (black+white). This was the first time plaintiff was told that he was in the above status. He has never been given anything in writing informing him of this policy, nor given an opportunity to: call witness(es), have a hearing or present evidence to challenge the alleged unconstitutional due process violation in question.

8. On Feb. 6, 2016, plaintiff asked Cell house, Major Tomi and Lt. Johnson for written rules on said policy, and was told that Stateville C.C. <u>does not have any</u>. I was then instructed that Weapon Violators/Staff Assaulters were not allowed to: work, attend school, religious services, incentive programs, night yard, nor go out at night with general population to the dining room.

3.

Plaintiff was also told by above officials that he had to write Freedom of Information Act (FOIA) to possibly obtain written rules of said policy.

9. On thereof, May, 2016, after plaintiff exhausted his institutional remedies on above matter (see Exhibit N., Disciplinary ticket dated 11/15/15, in-code# 201503294 (T-STA)) he wrote F.O.I.A, and was told that the information on above status was not available. See Exhibits Q and V.

10. On June 1, 2016, plaintiff appealed F.O.I.A decision to the Public Access Bureau, Lisa Madigan's Office. See Exhibit P.

11. On June 30, 2016, above Office ordered IDOC, Joel Diers to forward an un-redacted, and a confidential policy for its review within seven (7) business days. See Exhibit P.

12. On July 1, 2016, I.D.O.C, Joel Diers respond to above Office's request, and stated that I.D.O.C does not possess records corresponding to the Weapon Violators/Staff Assaulters directive number plaintiff requested. See Exhibit P + V.

4.

13. On July 13, 2016, Lisa Madigan's office gave plaintiff an option to reply to IDOC reply. See Exhibit Q.

14. On July 20, 2016, plaintiff forward his reply. (No available copy).

15. On October 8, 2016, Lisa Madigan's office notified plaintiff that it had received his reply, and a review is currently under consideration. See Exhibit R.

16. On Dec. 14, 2016, Menard Administration informed plaintiff, and all Weapon Violators/Staff Assaulters that our visit room time has been cut from 4 hours to 2 hours, and will be held behind glass. The notice was given by the cell house LT. (No written notice was given).

17. On Dec. 14, 2016, plaintiff filed a grievance to Menard Administration concerning above issue, and was told, "Administration decision." See Exhibit S.

18. On Dec. 28, 2016, plaintiff appealed above response to the ARB, and was told "Offender did not follow DR.504.810 Aggedown. No counselor or grievance officer response." See Exhibit T.

5.

However, the initial issue concerning his Weapon Violators/Staff Assaulters status has been exhausted, See Exhibit N. Where it was raised in said grievance.

19. On Feb. 13, 2017, plaintiff sent a second grievance concerning the Dec. 14, 2016 issue that included Counselor's response that A.R.B had requested, (No copy available).

20. On Feb. 14, 2017, plaintiff received the Public Access Bureau, Lisa Madigan's Office determination on the I.D.O.C - F.O.I.A review that stated the above department violated F.O.I.A. But, Lisa Madigan's Office did not issue a binding opinion, See Exhibit U.

The I.D.O.C Office confirmed that it does not possess any records on the Weapon Violators/Staff Assaulters policy. See Exhibit V, Page #3, paragraph #3. The Public Access Bureau, Lisa Madigan's Office conducted the review, but declined to issue a binding opinion. See Exhibit N. Nonetheless, plaintiff has been placed in harmed by this alleged unconstitutional policy; had numerous privileges taken from him, and transferred to a destinated prison (Menard CC) where all above inmates in said status are currently housed.

6.

## IV EXHAUSTION OF LEGAL REMEDIES

21. Plaintiff, Dennis Taylor exhausted all his prison's grievance procedures at: Stateville CC, Menard CC, Administration Review Board, F.O.I.A, and the Public Access Bureau.

22. Review Section, III Fact of this Complaint for exhaustion dates, Exhibit N, Disciplinary ticket dated 11/15/15, Incident #20150329L-1-STA. ~~[struck through text]~~ The original grievance letters that raised above issues are not available, but will be produced upon discovery.

## V LEGAL CLAIMS

23. Plaintiff reallege and incorporate by reference paragraphs 1-20 that:

24. Equal protection of law, discriminatory effect and intent,

7.

significant hardship in relation to the ordinary incidents of prison life has created a totality of conditions that is unconstitutional. This violates plaintiff, Dennis Taylor's right, and constitutes cruel and unusal punishment, a due process violation under the Eighth and Fourteenth Amendment to the United States Constitution.

25. The plaintiff has no plain adequate or complete remedy at law to redress the wrong described herein, plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this Court grant the declaratory, injunctive, and class action relief which plaintiff seeks.

## VI PRAYER FOR RELIEF.

Whereby, plaintiff respectfully prayers that this Court enter judgment granting plaintiff:

26. A declaratory that the acts and omissions described herein

8.

violated plaintiff's rights under the Constitution and law of the United States.

27. A preliminary and permanent injunction ordering defendants: I.D.O.C., Warden Randy Pfister, Warden Jackie Lashbrook, and Assistant Deputy Director Michael Atchison to stop enforcing the Weapon Violators/Staff Assaulters policy, where it is not rationally related to a legitimate governmental purpose.

28. Compensatory damage to plaintiff in the amount of $5.000 dollars against each defendant, jointly and severally.

29. Punitive damage in the amount of $5.000 dollars against each defendant to set an example to discourage other prison staff from acting illegally in the future.

30. A jury trial on all issues triable by jury.

31. Plaintiff's cost in this suit.

32. Any additional relief this Court deems just, proper and equitable.

9.

33. Permit plaintiff video/telephone court conference, and don't writ him to court unless for mandatory appearances.

Date: February 21, 2017
Respectfully Submitted

_____
Plaintiff

R68729
I.D. Number

P.O. Box 1000, Menard, IL 62259
Address

## VERIFICATION

I have read the foregoing complaint and herein verify that the matters alleged therein are true, except as to matters alleged on information and belief, and as to those, I believe them to be true. I certainly under penalty of perjury that the foregoing is true and correct.

Subscribed and sworn to before me on the 24th day of February, 2017

_____
Notary Public

OFFICIAL SEAL
SHANE W. GREGSON
Notary Public - State of Illinois
My Commission Expires 2/25/2019

10.

Dennis Taylor #R68729

Complaint
Civil Action
No. CV-0441

## EXHIBITS - AMENDED

Exhibit — Exhibits A+S are attached to the initial complaint - No. CV-0441

Exhibit — Exhibit T+V are attached to this amended complaint.

ILLINOIS DEPARTMENT OF CORRECTIONS

## Administrative Review Board
### Return of Grievance or Correspondence

W-8-12

Offender: **Taylor** (Last Name) **Dennis** (First Name) MI **R68729** (ID#)

Facility: **MEN**

☒ Grievance: Facility Grievance # (if applicable) **not provided** Dated: **12/28/16** or ☐ Correspondence: Dated: _____

Received: **1/3/17** Date Regarding: **Admin Policy - Staff Assaulter/Weapons violator**

The attached grievance or correspondence is being returned for the following reasons:

**Additional information required:**
- ☒ Provide a copy of your written Offender's Grievance, DOC 0046, including the counselor's response, if applicable.
- ☒ Provide a copy of the Response to Offender's Grievance, DOC 0047, including the Grievance Officer's and Chief Administrative Officer's response, to appeal.
- ☐ Provide dates of disciplinary reports and facility where incidents occurred.
- ☐ Unable to determine nature of grievance or correspondence; submit additional specific information. Please return the attached grievance or correspondence with the additional information requested to: Administrative Review Board
Office of Inmate Issues
1301 Concordia Court
Springfield, IL 62794-9277

**Misdirected:**
- ☐ Contact your correctional counselor regarding this issue.
- ☐ Request restoration of Statutory Sentence Credits to Adjustment Committee. If the request is denied by the facility, utilize the offender grievance process outlined in Department Rule 504 for further consideration.
- ☐ Contact the Record Office with your request or to provide additional information.
- ☐ Personal property issues are to be reviewed at your current facility prior to review by the Administrative Review Board.
- ☐ Address concerns to: Illinois Prisoner Review Board
319 E. Madison St., Suite A
Springfield, IL 62706

**No further redress:**
- ☐ Award of Supplemental Sentence Credits are discretionary administrative decisions; therefore, this issue will not be addressed further.
- ☐ Not submitted in the timeframe outlined in Department Rule 504; **therefore, this issue will not be addressed further**.
- ☐ This office previously addressed this issue on _____ Date.
- ☐ No justification provided for additional consideration.

Other (specify): **Offender did not follow DR504.870 procedure no counselor or grievance officer response.**

Completed by: **Melissa Phoenix** Print Name Signature: *Melissa Phoenix* Date: **1/12/17**

Distribution: Offender
Inmate Issues

Printed on Recycled Paper

Exhibit T-1

DOC 0070 (Rev.4/2013)

ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE

Date: 12/28/16  Offender: Dennis Taylor  ID#: R68729
Present Facility: Menard CC  Facility where grievance issue occurred:

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Disciplinary Report: __/__/__ Date of Report
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [x] Other (specify): ARB Review of grievance sent to Menard's admin

Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
 Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
 Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
 Chief Administrative Officer, only if EMERGENCY grievance.
 Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: On 12/14/2016, I was told by Menard's Administration that, "Staff Assaulter/Weapon Violators visit will be held behind glass and cut to 2 hours. I sent a grievance concerning the above issues as well as the totality of conditions I've been subjected to since I've been in above status. I received a response on 12/16/2016, that stated, "Administrative decision." This response does not relate to a legitimate government purpose.

Relief Requested: Restore my visitation privileges, and take me out of above status for it is not rationally related to a legitimate government purpose.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Offender's Signature: Taylor  ID# R68729  Date: 12/28/2016

(Continue on reverse side if necessary)

---

### Counselor's Response (if applicable)

Date Received: __/__/__
- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: ____

Print Counselor's Name  Counselor's Signature  Date of Response

---

### EMERGENCY REVIEW

Date Received: __/__/__  Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

JAN 03 2017

Chief Administrative Officer's Signature  Date

Distribution: Master File; Offender  Page 1  DOC 0046 (Rev. 3/2005)
Printed on Recycled Paper

Exhibit T-2



# OFFICE OF THE ATTORNEY GENERAL
## STATE OF ILLINOIS

**Lisa Madigan**
ATTORNEY GENERAL

February 2, 2017

Mr. Dennis Taylor, R68729
Menard Correctional Center
P.O. Box 1000
Menard, Illinois 62259

*Via electronic mail*
Mr. Joel M. Diers
Freedom of Information Office
Illinois Department of Corrections
1301 Concordia Court
P.O. Box 19277
Springfield, Illinois 62794-9277
joel.diers@doc.illinois.gov

      RE: FOIA Request for Review – 2016 PAC 42608; IDOC #16 0606063

Dear Mr. Taylor and Mr. Diers:

      This determination is issued pursuant to section 9.5(f) of the Freedom of Information Act (FOIA) (5 ILCS 140/9.5(f) (West 2014)). For the reasons that follow, the Public Access Bureau concludes that the response by the Illinois Department of Corrections (IDOC) to Mr. Dennis Taylor's June 1, 2016, FOIA request violated FOIA.

      On that date, Mr. Taylor submitted a FOIA request to IDOC seeking copies of "the rule + policy on the weapon violation/staff assaulter, [institutional directive] 05.03.14 / [administrative directive] 0503.14."[1] On June 8, 2016, IDOC responded by indicating that it did not maintain or possess any records responsive to the request. On June 24, 2016, this office received Mr. Taylor's Request for Review disputing IDOC's denial.

      On June 30, 2016, this office forwarded a copy of the Request for Review to IDOC, and asked it to provide a detailed explanation of the search it performed to locate records responsive to Mr. Taylor's request and to clarify if IDOC possessed any records regarding IDOC and/or Stateville Correctional Center (Stateville) rules and policies concerning weapon

---

[1] Letter from Dennis Taylor to FOIA Officials (June 1, 2016). *Exhibit V-1*

500 South Second Street, Springfield, Illinois 62706 • (217) 782-1090 • TTY: (217) 785-2771 • Fax: (217) 782-7046
100 West Randolph Street, Chicago, Illinois, 60601 • (312) 814-3000 • TTY: (312) 814-3374 • Fax: (312) 814-3806
1001 East Main, Carbondale, Illinois 62901 • (618) 529-6400 • TTY: (618) 529-6403 • Fax: (618) 529-6416

Mr. Dennis Taylor
Mr. Joel Diers
February 2, 2017
Page 2

violations/staff assaulters. On July 1, 2016, IDOC responded by reasserting that IDOC did not possess or maintain any directives corresponding to the numbers given by Mr. Taylor. IDOC explained that upon receipt of Mr. Taylor's request, the IDOC Freedom of Information officer contacted the IDOC and Stateville Correctional Center Policy and Directives units and was informed that no policies existed under the numbers listed in the FOIA request. IDOC noted that some individual prisons maintained institutional directives regarding weapons violators and staff assaulters, but IDOC routinely denied requests for those directives based on their relation to the security of a correctional facility. In follow-up correspondence with an Assistant Attorney General in the Public Access Bureau, IDOC again confirmed that no directives existed with the numbers provided by Mr. Taylor and further explained that there were no administrative directives specifically dealing with staff assaulters/weapons violators. IDOC further explained that some individual prisons had institutional directives regarding staff assaulters/weapons violators, but the numbers of those directives were different at each prison. On July 27, 2017, this office received a reply from Mr. Taylor.

### DETERMINATION

FOIA provides that "all records in the custody or possession of a public body" are presumed to be open to inspection or copying. 5 ILCS 140/1.2 (West 2012). When presented with a FOIA request, a public body is required to conduct a "reasonable search tailored to the nature of a particular request." *Campbell v. United States Department of Justice*, 164 F.3d 20, 28 (D.C. Cir. 1998). A public body is not required to "search every record system[,]" but it "cannot limit its search to only one record system if there are others that are likely to turn up the requested information." *Oglesby v. United States Department of the Army*, 920 F.2d 57, 68 (1990); *see also Yeager v. Drug Enforcement Administration*, 678 F.2d 315, 321 (D.C. Cir. 1982) ("A requester is entitled only to records that an agency has in fact chosen to create and retain.").

Although a FOIA request must "reasonably describe[ ]" the record being sought so that the public body "is able to determine precisely what records are being requested[ ]" *Yeager*, 678 F. 2d at 326, the public body has "a duty to construe a FOIA request liberally." *Nation Magazine, Washington Bureau v. United States Customs Service*, 71 F. 3d 885, 890 (D.C. Cir. 1995) (citing *Truitt v. Department of State*, 897 F. 2d 540, 544-545 (D.C. Cir. 1990)). Liberally construing the scope of FOIA requests advances FOIA's fundamental policy goal in favor of full disclosure of public records. *Department of Air Force v. Rose*, 425 U.S. 352, 360–61, 96 S. Ct. 1592 (1976). In order to properly construe a request, the public body must look to the full scope and precise language of the FOIA request when determining what records are responsive. *See Judicial Watch, Inc. v. United States Department of Energy*, 310 F.Supp.2d 271, 306 (D.D.C. 2004), *aff'd in part, rev'd in part on other grounds* (holding an agency search to be unreasonable because it did not encompass the full scope or precise language of the plaintiff's request).

*Exhibit V-2*

Mr. Dennis Taylor
Mr. Joel Diers
February 2, 2017
Page 3

       In this instance, Mr. Taylor's FOIA request sought the rule and policy pertaining to weapons violations/staff assaulters and provided the numeric titles to what he believed to be the corresponding administrative and institutional directives. IDOC searched institutional directives only at Stateville, which was a reasonable interpretation of Mr. Taylor's request, as he was incarcerated at Stateville at the time of his request. However, IDOC searched only for the numeric titles, ignoring the general subject matter category identified in Mr. Taylor's request. In its responses to the Public Access Bureau, IDOC acknowledged that some individual prisons possess institutional directives on weapons violations/staff assaulters, but it did not respond to this office's direct question regarding whether Stateville possessed a relevant policy. The fact that some individual prisons maintain weapons violations/staff assaulters policies indicates that a search for responsive records at Stateville would not necessarily have been futile.

       IDOC's assertion that it possesses no responsive institutional directives is based on its unreasonably narrow construction of the FOIA request as limited to the numeric titles provided by Mr. Taylor. Because Mr. Taylor reasonably described the records he sought in his FOIA request with both a general subject matter description and numeric titles, IDOC was required either to provide any responsive records that it maintains to Mr. Taylor or to assert an applicable exemption within five business days of receiving his request. Therefore, IDOC's failure to reasonably construe the portion of Mr. Taylor's FOIA request for an institutional directive regarding weapons violations/staff assaulters and to provide any non-exempt responsive records violated FOIA. This office requests that IDOC search for institutional directives at Stateville on the topic of weapons violators/staff assaulters. If IDOC identifies responsive records, it should either provide them to Mr. Taylor or, if it asserts that the records are exempt under FOIA, it should issue a written denial of Mr. Taylor's request in accordance with section 9(a) of FOIA (5 ILCS 140/9(a) (West 2014)).

       Regarding relevant administrative directives, IDOC confirmed that it did not possess any responsive records either with the numeric title provided by Mr. Taylor or on the topic of weapons violations/staff assaulters, and this office has not received any information from which we could conclude that IDOC is withholding responsive records. Accordingly, based on the available information, we conclude that IDOC's response to Mr. Taylor's request for an administrative directive pertaining to weapons violators/staff assaulters did not violate FOIA.

*Exhibit V-3*

Mr. Dennis Taylor
Mr. Joel Diers
February 2, 2017
Page 4

      The Public Access Counselor has determined that resolution of this issue does not require the issuance of a binding opinion. This letter shall serve to close the matter. If you have any questions, please contact me at the Springfield address listed on the first page of this letter. Thank you.

                Very truly yours,

                *Laura S Harter*

                LAURA S. HARTER
                Assistant Attorney General
                Public Access Bureau

42608 f 3d response incomplete sa

*Exhibit V-4*

UNITED STATES DISTRICT COURT
EASTERN DIVISION, WILL COUNTY

Dennis Taylor #R68729
Plaintiff,
V

I.D.O.C.,
Randy Pfister, Warden - Stateville CC
Jackie Lashbrook, Warden - Menard CC
Michael Atchison, Asst. Deputy Dir., "et. all,"
Defendants

COMPLAINT
Civil Action
No. CV-0441

## PROOF OF SERVICE

Plaintiff, Dennis Taylor, hereby Notify the United States District Court that on February 21, 2017, he mailed a copy of the amended Complaint in accord with 42 U.S.C. Section 1983, to Illinois Attorney General, Lisa Madigan, 100 W. Randolph St., Chicago, IL 60601, and to United States District Court Clerk. Plaintiff deposited above Complaint in Menard Corr. Center, mail system, and that First Class postage has been prepaid.

TO:
Office of Clerk of The
United States Dist. Court
United States Court House
Chicago, Illinois 60604

Attorney General
Lisa Madigan
100 W. Randolph St.
Chicago, IL 60601

I, Dennis Taylor, declare under penalty of perjury that the foregoing is true and correct.

D.C. Taylor
Plaintiff
R68729
I.D. Number
P.O. Box 1000, Menard, IL 62259
Address

Dennis Taylor
#R68729
West-812
P.O. Box 1000
Menard, IL
62259

Correspondence From IDOC Inmate
-LEGAL MAIL-

03/03/2017-27

Prisoner Correspondence
Clerk's Office
U.S. District Court
219 South Dearborn Street
20th Floor
Chicago, Illinois
60604

Dennis Taylor
#R68729
P.O. Box 1000
Menard, IL
62259

Legal Mail
Privileged

RECEIVED
MAR 0 3 2017
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT