UNITED STATES DISTRICT COURT, EASTERN DIVISION, WILL COUNTY

JH

Dennis Taylor #R68729
Plaintiff,

v

IDOC,
Randy Pfister, Warden
Karen Rabideau, Placement Officer
Sgt. Deathrow, F-House Asst. Admin., et al.
Defendants

1:17-cv-0441
Judge Thomas M. Durkin
Magistrate Judge Sheila M. Finnegan
PC5

**FILED**

6/13/2017
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## I. JURISDICTION & VENUE

RECEIVED
1-19-17
JAN 19 2017
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

1. This is a civil action authorized by 42 U.S.C Section 1983 to redress the deprivation, under color of state law, of right secured by the Constitution of the United States. The Court has jurisdiction under 28 U.S.C Section 1313 and 1343(a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff claims for injunction relief are authorized by 28 U.S.C Section 2283 and 2284 Rule 65 of the Federal Rule of Civil Procedure.

2. The Will County District Court of Illinois is an appropriate venue under 28 U.S.C. Section 1391 (b)(2).

1

because it is Where the events giving rise to this claim occured.

## II PLAINTIFF(S)

3. Plaintiff, Dennis Taylor was at times mentioned herein a prisoner of the State of Illinois in the custody of the Illinois Department of Corrections. He is currently confined in Menard Correctional Center in Menard, Illinois, P.O. Box 1000, 62259.

## III DEFENDANT(S)

4. Defendant Randy Pfister is Warden of Stateville Correctional Center. He is legally responsible for the overall operation of the institution, and for the welfare of all the inmates in Stateville Correctional Center in Joliet, Illinois.

2

5. Defendant Sgt. Mack Deathrow is a Correctional Officer (sgt) of Stateville CC, and at time mentioned in this Complaint held the rank as assistant administrator in F-house.

6. Defendant Karen Rabideau is a Correctional Officer of the Illinois Department of Corrections who at all times mentioned, held the rank of Placement Officer, and was assigned to placement office at time mentioned in this Complaint at Stateville CC. At all times, each defendant acted under color of State law, and IDOC jurisdiction.

## III  FACTS

7. On approx. 1/5/16 plaintiff, Dennis Taylor was transferred from Stateville CC general population to segregation, F-house, Single Cell # 154,

3

pending a disciplinary hearing.

8.   ON approx. 11/12/15 inmate Peoples #K51695 was moved from another Seg. cell into Cell #154 with plaintiff. He boast to plaintiff that he held a high position with the Gangster Dis-ciples (G.D.'s) and was in Seg. for threatening to beat several inmates to death with his fan motor. He showed plaintiff the disconnected fan motor he brought with him to Seg. and warn plaintiff that he would not have a problem using it on him (plaintiff) if he had to. Upon information and belief, Peoples has a history of abusive behavior toward his older cell mates, in which plaintiff is 15 years his Senior. Said infor-mation will be verified upon discovery.

4

9. On approx. 11/13/15 Plaintiff wrote placement, and F-house Sgt. Deathrow requesting to be moved out of the cell with Peoples, because of his repeated threats toward plaintiff. (See Exhibit A).

10. On 11/17/15, at approx. 9:30 AM, while plaintiff was being taken to his disciplinary hearing, he ran into Sgt. Deathrow, and asked him did he received the letter plaintiff sent him — he said he did. Plaintiff explained to him again that he needed to be moved out of the cell with Peoples, because of his repeated threats toward him. Sgt. Deathrow asked Plaintiff "Do you know how to fight?" I told him that I did not want to fight Peoples — I just wanted to move into another cell. He told me that he wasn't going to move me, so I need to "Man up" go back to my cell, and deal with it.

5

11.    On 11/18/15, I sent an emergency grievance to the Warden requesting to be moved out of Cell #154 with Peoples, because of the repeated threats on his life from Peoples. See hand written copy of grievance, Exhibit A.

12.    On 11/27/15 inmate Peoples put his fan motor in a pillow case, and struck Plaintiff on the head several times. Plaintiff told Peoples that he was going to report what happened to Stateville Officials. He told me that if I told the police what happened he would have his mob hit me. See Exhibit L. I feared him, because I witnessed the power he had within his mob, and the vio-lent form of revenge they carried out on individuals. So, when Peoples told Officer Subici that I fell and hit my head on the toilet, I went along with the story he made up.

6

out of fear for my life. See Ex-
hibit L. I was rushed to an out
side hospital, Saint Joseph Hospi-
tal, Joliet, Illinois, and received
38 staples in my head. I was ad-
mitted in Stateville's hospital from
11/28/15 thru 1/5/16 (five weeks) for
treatment to my head and observation.
I'm currently experiencing head-
aches and burred vision behind
the assault. See Medical records
see Exhibit M - ... (upon request)

13.    On approx. 12/14/15, Plaintiff
wrote Mrs. Rabideau of Placement,
and informed her that I was assaul-
ted by Peoples, and did not come
forward sooner, because Peoples had
threaten my life. I asked her
to pass said information to
Officials (I.A.).

14.    On approx. 12/24/15 and 1/11/16,
I was interviewed by -

(7)

I.A. Officers: Vengara (and unknown I.A. Officer) on 12/24/15, and Supervisor Sullivan and I.A. Officer Sipia on 1/11/16. I informed I.A in both interviews that I was assaulted by Peoples and the reason I waited to come forward was because Peoples threaten to have his mob hit me if I switched on him. See EXHIBIT <u>L</u>. I.A. told me in both interviews that the evidence they gathered matched my details of the assault. I.A. told plaintiff that they had reasons to believe the faw molor that was confiscated from Peoples was the alleged weapon used in the assault. The alleged evidence can be obtained through discovery.

15. On 1/12/16, upon information and belief, Peoples was interviewed by I.A. Sullivan and Sipia, and was given an alternative to —

8

agree to fighting with plaintiff or he will be charged with an assault. The alleged individuals who provided said information would not give an affidavit for fear of retaliation from Stateville officials.

16. On approx. 1/18/16 Plaintiff was issued a disciplinary report for fighting Peoples. See Exhibit __L__.

17. On 1/28/16 the said ticket was expunged by Lt. Charles Best of the Adjustment Committee upon review of evidence and pictures of the alleged weapon (fan mold) Peoples allegedly used in the assault. Plaintiff explained to Committee why he wanted to come forward with the information for Peoples had threatened to have his inds hit him.

18. On approx. 2/24/16 and 5/12/16 Stateville Officials denied Plaintiff's

permanent protective Custody requests.

19. On approx. 4/20/16 and 6/15/16, Plaintiff appealed the denials to IDOC Administrative Review Board (ARB) and was denied permanent protection as well. In spite of the fact that my need for P.C. originated from me being assaulted by Peoples and reporting re to Stateville Officials. IDOC Officials were given the Name of the G.D. Mob and specific individuals behind these threats. See Exhibit E.

20. On approx. 2/5/16, 5/21/16, and 6/30/16, Plaintiff was forced to sign into P.C. after coming in direct Contact with Peoples and Multiple members of his mob.

10

The G.D. mob threaten to kill me
if Plaintiff did not sign back
into P.C. See Exhibit E + L.

21.    On approx. 9/1/16 Plaintiff
signed back in P.C due to repeated
threats he received from the
G.D. mob. Plaintiff informed unit
staff Counseler, and I.A, and
turned the threatening letters
over to Stateville Officials.
Plaintiff was denied permanant
P.C by Stateville and ARB. He
was told by ARB that, "the Your
rationale for needing P.C. is
centered around an altercation
you had Nov. 17, 15 with Offen-
der Peoples." This information
is contrary to facts and the
expunged disciplinary report
Plaintiff received. See Exhibit L

Plaintiff is on temporary P.C
pending the filing of this
petition.

11

22. On November 11, 2016, While in protective Custody at Stateville Correctional Center, plaintiff was transferred to Menard Correctional Center. He was taken out of P.C and placed in general population.

## IV EXHAUSTION OF LEGAL REMEDIES

Plaintiff, Dennis Taylor exhausted the prisoner's grievance procedures available at Stateville Correctional Center, and the Administrative Review Board. Whereas:

23. On 11/18/15, plaintiff sent an emergency grievance to the Warden requesting to be moved out of Cell # 154, because inmate Peoples had threaten his life.

Plaintiff did not receive a re-
sponse to said grievance, and was
assaulted by inmate Peoples before
he could appeal to the ARB. See
copy of said grievance (hand written).
Exhibit A. (Plaintiff meet the exhaustion
requirement of 28 U.S.C § 2675(a) because the
administration did not respond to the grievance
within six months).

24. On 2/18/16, Plaintiff filed a
grievance concerning an expunged
disciplinary report he received
for allegedly fighting inmate Peoples
to Stateville CC and the Adminis-
tration Review Board (ARB). Plain-
tiff noted in the grievance that
he never should have received a
ticket, because he was assaulted
by inmate Peoples, and had to
be rushed to the outside hos-
pital, and received 38 staples
in the head.

13

Stateville response was that; "Offender Peoples has been added to your KSF list, and "you are currently group 4 P.C." See Exhibit B. ARB stated that; "No justification provide for additional consideration," and "Offender is currently in P.C." See Exhibit B.

25. On 4/27/16, Plaintiff filed a grievance with Stateville C.C that informed it that the GD's whom had threaten him was still threatening him, and had not been placed on plaintiff keep separate list. I asked to be kept in P.C. until the situation is resolved. I was told that; "Once P.C. decision reach the ARB —

14

it is out of the installation's jurisdiction." See Exhibit C.

26. ON 5/11/16, Plaintiff filed an emergency grievance with Stateville CC, and ARB after he was released from P.C, and came in direct Contact with inmate Peoples and members of his mob. Stateville response was; "No; all offenders should submit this grievance in the Normal Manner." See Exhibit D. ARB Stated: "Offender needs to Contact his Counselor and IA regarding protective Custody issues." See Exhibit E.

27. ON 6/15/16, ARB, Without giving plaintiff a formal hearing-

denied plaintiff permanant
P.C, and stated: "I find No
New information which would war-
rent a reconsideration of the
past ARB hearings." See Ex-
hibot F.


28. On 7/12/16, after Not re-
ceiving a response from plaintiff
grievance that he had given
to Counselor ~~on~~ Concerning an
emergency grievance that was
sent to the warden Concerning
said matters, plaintiff sent
another grievance. The re-
sponse ~~was~~ Stated: "Per grie-
vance Officer, that grievance
was returned to the Counselor
on 2/28/16 to offender, the
issue it was Never —

16

returned to their office. "
See Exhibit __G__.

29.     Plaintiff, within the
same month, forward a grievance
to the ARB, and its response
was that: " Grievance dated
1/18/15 and 2/18/16 are 60 days
past time frame without facu-
lity responce. " See Exhibit __G__.
Notwithstanding, plaintiff was
admitted in hospital from 11/29/
15 thru 1/15/16 and was not
able to send the second grie-
vance until 2/28/16 to inquire
why his 11/18/15 grievance
had not be answered. See
Exhibit __G__.

30.     On 8/8/16, plaintiff
sent an emergency grievance
to the warden __

requesting permanant P.C after
he was threaten by multiple
G.D's for snitching on inmate
Peoples #KS1695 for assaulting
him on 11/27/15. The Warden's
response was that: "No; em-
ergancy is not Substantiated."
See Exhibit H.

31.    On 8/15/16, Plaintiff
sent a grievance to the coun-
selor concerning said matter,
and was told: "Per Intel,
your request has been received,
and will be processed in the
order of receipt." See Exhibit I.

32.    On 8/15/16 and 11/1/16 ARB
denied plaintiff permanant protec-
tion custody from Offender Peoples
and his mob (G.D's) after plaintiff
informed Statedville Officals that
Peoples assaulted him on 11/27/15.

18

33. On 11/27/16, ARB denied plaintiff PoC again, and Stated: "During each of these reviews, your rationale for needing PoC is center around an altercation you had Nov. 27, 2015 with offender Peoples." See Exhibits J & K. This Information is contrary to facts, and the expunged disciplinary report plaintiff received on 1/28/16. See Exhibit L.

## V. LEGAL CLAIMS

Plaintiff reallege and incorporate by reference paragraphs 1 - 33 that:

34. The assault, unsafe conditions, and deliberate indifference violated plaintiff, Dennis Taylor's rights —

19

and constitued cruel and unusual punishment, a due process violation under the Eight and Fourteenth Amendment to the United States Constitution.

35. The plaintiff has No plaintiff adequate or complete remedy at law to redress the wrong described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this Court grants the declaratory and injunctive relief which plaintiff seeks.

## VI. PRAYER FOR RELIEF

Wherefore, plaintiff respectfully prays that this Court enter

Judgment granting plaintiff:

36. A declaration that the acts and omissions described herein violated plaintiff's rights under the Constitution and law of the United States.

37. A preliminary and permanent injunction ordering defendants Stateville Official Warden Pfister (current Warden of Menard CC) "et, all" to: grant permanent protection custody from the GDs mobs whom consistently threaten to harm plaintiff for snitching on one of its members, Peoples after he assaulted him on 11/27/15 at Stateville Correctional Center

21

Plaintiff was transferred to Menard CC on 11/14/16. Offender Peoples was also transferred to Menard CC on 11/24/16. Plaintiff ran into Peoples on 11/25/16 for we were housed on the Same gallery (W-1 gallery) Peoples made threatening comments toward Plaintiff, and ~~stated that~~ he will have his mob (G.D.'s) "Fuck you up."

38. Compensatory damages in the amount of $20,000 dollars against each defendant, jointly and Severally.

39. Punitive damage in the amount of $ ~~70,000~~ dollars against each defendant.

22

40. A jury trial on all issues triable by jury.

41. Plaintiff's cost in this suit.

42. Any additional relief this court deems just, proper, and equitable.

43. Permit plaintiff to have video/telephone court appearance, and not be writ to court unless for mandatory appearances.

## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and as to those, I believe them to be true. I certainly under penalty of perjury that the foregoing is true and correct.

Subscribed and sworn to before me on the

10th day of January 20 17

Shane W. _____
Notary Public

Taylor
Plaintiff
# R68729
I.D. Number
P.O. Box 1000, Menard, Il 62259
Address

Date: January 9, 2017

OFFICIAL SEAL
SHANE W. GREGSON
Notary Public - State of Illinois
My Commission Expires 2/25/2019

23.

Dennis Trafton
AR68729
P.O. Box 1000
Menard, Il
62259

Correspondence From IDOC Inmate

-LEGAL MAIL-

U.S. POSTAGE ▶▶ PITNEY BOWES

ZIP 62259 $ 006.70⁰
02 1W
0001389078 JAN 17 2017

01/19/2017-1

PC

RECEIVED

JAN 1 9 2017

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

PRIORITY®
MAIL

UNITED STATES POSTAL SERVICE

Visit us at usps.com

Label 107R, January 2008

U.S. District Court
Northern District of Illinois, Eastern Div.
219 South Dearborn
20th Floor
Chicago, Illinois
60604

Legal Mail

Privilged