**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

DENNIS TAYLOR,                       )

                               )

              Plaintiff,         )

                               )     Case No. 17-cv-0441

         v.                     )

                               )     Honorable Thomas M. Durkin

RANDY PFISTER, et al.,           )

                               )

              Defendants.    )

## DEFENDANT LASHBROOK'S ANSWERS AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Jacqueline Lashbrook, by and through her attorney LISA MADIGAN,

Attorney General of Illinois, hereby submits her answer and affirmative defenses, and states as

follows:

### ANSWER

1.      This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of right secured by the constitution of the United States. The Court has jurisdiction under 28 U.S.C. Section 1313 and 1314(a)(3).  Plaintiff seeks declaration relief pursuant to 28 U.S.C., Section 2201 and 2202.  Plaintiff claims for injunction relief are authorized by 28 U.S.C. Section 2283 and 2284 Rule 65 and Rule 23 (Class Action) Title 28 of the Federal Rule of Civil Procedural.

**ANSWER:**    **Defendant admits Plaintiff purports to sue pursuant to 42 U.S.C. Section**

**1983 and admits acting under color of state law. Defendant admits the Court has**

**jurisdiction. Defendant denies the remaining allegations of Paragraph 1 of Plaintiff's**

**Amended Complaint.**

2.      The Will County District Court of Illinois is an appropriate venue under 28 U.S.C. Section 139(b)(2), because it is where the events given rise to this claim occurred.

**ANSWER:**    **Defendant admits venue is proper. Defendant denies the remaining**

**allegations in Paragraph 2 of Plaintiff's Amended Complaint.**

1

3.     Plaintiff, Dennis Taylor was at time mentioned herein a prisoner of the State of Illinois in the custody of the Illinois Department of Corrections.  He is currently confined to Menard Correctional Center in Menard Illinois.

**ANSWER:**    **Admit.**

4.     Defendant Randy Pfister is Warden of Stateville CC.  He is legally responsible for the overall operation of the institution, and for the welfare of all the inmates in Stateville CC.  He was Warden at Stateville CC at the time said incident occurred in Stateville CC, Joliet, Illinois.

**ANSWER:**    **Defendant admits Randy Pfister was at one time warden at Stateville**

**Correctional Center. Defendant denies the remaining allegations of Paragraph 4 of**

**Plaintiff's Amended Complaint.**

5.     Defendant Jackie Lashbrook is currently Warden of Menard CC.  She is legally responsible for the overall operation of the welfare of all the inmates in Menard CC, in Menard, Illinois.

**ANSWER:**    **Defendant admits she is currently Warden of Menard Correctional Center.**

**Defendant denies the remaining allegations of Paragraph 5 of Plaintiff's Amended**

**Complaint**

6.     Defendant Michael Afchison is Assistant Deputy Director of Operations for Illinois Department of Corrections.  Upon information and belief, he was the Warden of Menard CC, and originally implemented the Weapon Violators/Staff Assaulters program in question, and therefore, is legally responsible for the treatment of all inmates in said policy that is not rationally related to a legitimate governmental purpose.  The above defendants actions were taken under color of law.

**ANSWER:**    **Defendant admits Michael Afchison was the Warden of Menard Correctional**

**Center. Defendant lacks knowledge or information sufficient to form a belief about the**

**truth of the remaining allegations of Paragraph 6 of Plaintiff's Amended Complaint.**

7.     On Feb.5, 2016, Plaintiff was released from Stateville's segregation, and taken to the clothing room to pick up his regular institutional clothing.  He was told by the clothing room Sgt. that he has been classified as a Weapon Violator/Staff Assaulter, and must wear strips (black and white).  This was the first time Plaintiff was told that he was in the above status.  He has never been given anything in writing informing him of this policy non given an opportunity to: call witnesses, have a hearing on present evidence to challenge the alleged unconstitutional due process violation in question.

2

**ANSWER:** **Defendant denies any unconstitutional due process violation. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 7 of Plaintiff's Amended Complaint.**

8. On Feb. 6, 2016, Plaintiff asked cell house, Major Torri and Lt. Johnson for written rules on said policy and was told that Stateville CC does not have any. I was then instructed that Weapon Violators/Staff Assaulters were not allowed to: work, attend school, religious services, incentive programs, night yard, nor go out at night with several population to the dining room. Plaintiff was also told by above officials that he had to write Freedom of Information Act (FOIA) to possibly obtain written rules of said policy.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 8 of Plaintiff's Amended Complaint.**

9. On thereof, May, 2016, after Plaintiff exhausted his institutional remedies on above matter (See Exhibit N- Disciplinary ticket dated 11/15/15, on conduct #201503294/T-STA) he wrote F.O.I.A., and was told that the information on above status was not available. See Exhibits Q and V.

**ANSWER:** **Defendant admits Plaintiff was told there were no responsive records to his FOIA request concerning the topic of weapons violations/staff assaulters. Defendant denies Plaintiff exhausted his administrative remedies. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 9 of Plaintiff's Amended Complaint.**

10. On June 11, 2016, Plaintiff appealed F.O.I.A. decision to the Public Access Bureau, Lisa Madigan's Office. See Exhibit P.

**ANSWER:** **Defendant admits Plaintiff filed a Request for Review contesting IDOC's response. Defendant denies the remaining allegations of Paragraph 10 of Plaintiff's Amended Complaint.**

11. On June 30, 2016, above Office ordered IDOC, Joel Diers to forward an unredacted, and a confidential policy for its review within seven (7) business says. See Exhibit P.

**ANSWER:**     **Defendant admits IDOC directed IDOC to submit information for review within seven (7) business days. Defendant denies the remaining allegations of Paragraph 11 of Plaintiff's Amended Complaint.**

12.     On July 1, 2016, IDOC, Joel Diers respond to above Office's request, and state that IDOC <u>does not possess records</u> corresponding to the Weapon Violators/Staff Assaulters directive Number Plaintiff requested.  <u>See Exhibit P+V.</u>

**ANSWER:**     **Admit.**

13.     On July 13, 2016, Lisa Madigan's Office gave Plaintiff an option to reply to IDOC reply.  <u>See Exhibit Q.</u>

**ANSWER:**     **Admit.**

14.     On July 20, 2016, Plaintiff forward his reply (No available copy).

**ANSWER:**     **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 14 of Plaintiff's Amended Complaint.**

15.     On October 8, 2016, Lisa Madigan's Office Notified Plaintiff that it had received his reply, and a review is currently under consideration.  <u>See Exhibit R.</u>

**ANSWER:**     **Admit.**

16.     On Dec. 14, 2016, Menard Administration informed Plaintiff and all Weapon Violators/Staff Assaulters that our visit room time has been cut from 4 hours to 2 hours, and will be held behind glass.  The Notice was given by the Cell house Lt. (No written Notice was given).

**ANSWER:**     **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 16 of Plaintiff's Amended Complaint.**

17.     On Dec. 14, 2016, Plaintiff filed a grievance to Menard Administration concerning above issue, and was told, "Administration decision."  <u>See Exhibit S.</u>

**ANSWER:**     **Admit.**

18.     On Dec. 28, 2016, Plaintiff appealed above response to the ARR, and was told "Offender did not follow DR. 504.810 procedure.  No counselor or grievance officer response." <u>See Exhibit T.</u>  However, the initial issue concerning his Weapon Violators/Staff Assaulters Status has been exhausted.  <u>See Exhibit N.</u>  Where it was raised in said grievance.

4

**ANSWER:** **Defendant admits Plaintiff filed a grievance on December 28, 2016 and received a reply stating "Offender did not follow DR 504.810 procedure. No counsel or grievance officer response." Defendant denies the remaining allegations of Paragraph 18 of Plaintiff's Amended Complaint.**

19. On Feb. 13, 2017, Plaintiff sent a second grievance concerning the Dec. 14, 2016 issue that included Counselor's response that A.R.B. had requested. (No copy available).

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 16 of Plaintiff's Amended Complaint.**

20. On Feb. 14, 2017, Plaintiff received the Public Access Bureau, Lisa Madigan's Office determination on the IDOC-FOIA review that stated the above department violated FOIA. But, Lisa Madigan's Office did not issue a binding opinion, See Exhibit U.

The IDOC Office confirmed that it does not possess any records on the Weapon Violators/Staff Assaulters policy. See Exhibit V, page #3, paragraph #3. The Public Access Bureau, Lisa Madigan's Office conducted the review, but declined to issue a binding opinion. See Exhibit N. Nonetheless, Plaintiff has been harmed by this alleged unconstitutional policy; had numerous privileges taken from him, and transferred to a designated prison (Menard CC) where all above inmates in said Status are currently housed.

**ANSWER:** **Defendant admits IDOC confirmed it did not possess any records on the Weapon Violators/Staff Assaulters policy. Defendant denies the remaining allegations of Paragraph 20 of Plaintiff's Amended Complaint.**

21. Plaintiff, Dennis Taylor exhausted all his prison's grievance procedures at: Stateville CC, Menard CC, Administration Review Board, FOIA, and the Public Access Bureau.

**ANSWER:** **Deny.**

22. Review Section, III Fact of this Complaint for exhustion dates, Exhibit N, Disciplinary ticket dated 11/15/15, incident #201503294-1-STN. The original grievance letters that raised above issues are not available, but will be produced upon discovery.

**ANSWER:**    **Defendant denies Plaintiff has exhausted his administrative remedies.**

**Defendant lacks knowledge or information sufficient to form a belief about the truth of the**

**remaining allegations of Paragraph 22 of Plaintiff's Amended Complaint.**

23.    Plaintiff realleges and incorporate by reference paragraphs 1-20 that:

**ANSWER:**    **See answers to Paragraphs 1-20 of Plaintiff's Amended Complaint.**

24.    Equal protection of law, discriminatory effect and intent, significant hardship in relation to the ordinary incidents of prison life has created a totality of conditions that is unconstitutional.  This violates Plaintiff, Dennis Taylor's right, and constitutes cruel and unusual punishment, a due process violation under the Eighth and Fourteenth Amendment to the United States Constitution.

**ANSWER:**    **Deny.**

25.    The Plaintiff has no plain adequate or complete remedy at law to redress the wrong described herein, Plaintiff has been will continue to be irreparably injured by the conduct of the defendants unless this Court grant the declaratory, injunctive, and class action relief which Plaintiff seeks.

**ANSWER:**    **Deny.**

Whereby, Plaintiff respectfully prayers that this Court enter judgment granting Plaintiff:

26.    A declaratory that the acts and omissions described herein violated Plaintiff's rights under the Constitution and law of the United States.

**ANSWER:**    **Defendant denies Plaintiff is entitled to any relief, including the relief sought**

**in his Amended Complaint.**

27.    A preliminary and permanent injunction ordering defendants:  IDOC, Warden Randy Pfister, Warden Jackie Lashbrook, and Assistant Deputy Director Michael Atchinson to stop enforcing the Weapon Violators/Staff Assaulters policy, where it is nor rationally related to a legitimate government purpose.

**ANSWER:**    **Defendant denies Plaintiff is entitled to any relief, including the relief sought**

**in his Amended Complaint.**

28.    Compensatory damage to Plaintiff in the amount of $5,000 dollars against each defendant, jointly and severally.

**ANSWER:** **Defendant denies Plaintiff is entitled to any relief, including the relief sought in his Amended Complaint.**

29. Punitive damage in the amount of $5,000 dollars against each defendant to set an example to discourage other prison staff from acting illegally in the future.

**ANSWER:** **Defendant denies Plaintiff is entitled to any relief, including the relief sought in his Amended Complaint.**

30. A jury trial on all issues triable by jury.

**ANSWER:** **Defendant denies Plaintiff is entitled to any relief, including the relief sought in his Amended Complaint.**

31. Plaintiff's cost in this suit.

**ANSWER:** **Defendant denies Plaintiff is entitled to any relief, including the relief sought in his Amended Complaint.**

32. Any additional relief this Court deems just, proper and equitable.

**ANSWER:** **Defendant denies Plaintiff is entitled to any relief, including the relief sought in his Amended Complaint.**

33. Permit Plaintiff video/telephone Court conference, and don't writ him to Court unless for mandatory appearances.

**ANSWER:** **Defendant denies Plaintiff is entitled to any relief, including the relief sought in his Amended Complaint.**

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses to Plaintiff's Amended Complaint:

1. At all times relevant herein, Defendant acted in good faith and in furtherance of lawful objectives without violating Plaintiff's clearly established statutory or constitutional rights of

7

which a reasonable person would have known. Defendant is therefore protected from suit by the doctrine of qualified immunity.

2.     To the extent Plaintiff's request for damages are against Defendant in her official capacity, such claims are barred by Eleventh Amendment immunity.

3.     To the extent Plaintiff failed to exhaust his administrative remedies prior to initiating bringing this action, his claims are barred by §1997e(a) of the Prison Litigation Reform Act.

4.     To the extent that Plaintiff seeks to claim that other inmates were injured, Plaintiff is not an attorney and lacks standing to assert the claims of others.

5.     To the extent Plaintiff's allegations require the invalidation of any discipline that resulted, these allegations are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

## JURY DEMAND

Defendant demands a jury trial on all triable issues.

WHEREFORE, Defendant requests this Court deny the relief requested in Plaintiff's Amended Complaint, and for any other relief this Court deems just and proper.

Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois              By:      /s/ *Shawn Peters*
                                                  Shawn Peters
                                                  Assistant Attorney General
                                                  Office of the Illinois Attorney General
                                                  100 West Randolph Street, 13th Floor
                                                  Chicago, Illinois 60601-3397
                                                  (312) 814-2680
                                                  Speters@atg.state.il.us

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on September 5, 2018, he electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Northern District of Illinois using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

<u>/s/ *Shawn M. Peters*</u>